UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Alison Centerbar,

    Plaintiff,

    v.

Esser James & Associates, LLC
Rebecca Steward, Jane Doe, a/k/a
"Susan Murphy," and John Doe, a/k/a
"John Carter",

    Defendants.

16-CV-896
Decision and Order

      On November 5, 2016, the plaintiff, Alison Centerbar, filed a complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Docket Item 1. After the defendants failed to appear or otherwise defend the action, the Clerk of Court entered a default on February 16, 2017. Docket Item 10. This Court entered default judgment on March 13, 2018, awarding the plaintiff $7,560: (1) $1,000 in statutory damages; (2) $5,865 in attorneys' fees; and (3) $695 in litigation costs. Docket Item 15.

      Centerbar also requested $50,000 in actual damages, and the Court therefore scheduled a hearing to determine the extent of the plaintiff's actual damages. *Id.* On June 19, 2018, the actual damages hearing was held, and the Court reserved judgment. Docket Item 25. At that time, the Court also granted plaintiff's counsel the opportunity to submit documentation for additional attorney's fees.

## BACKGROUND

**I. FACTS**

Centerbar incurred a personal debt of about $700, owed to an entity doing business as "Credit One." Docket Item 1 at 4. The defendants sought to collect this debt, but Centerbar alleges that they did so unlawfully. *Id.* at 4-7. For example, Centerbar claims that the defendants—who failed to identify themselves as debt collectors—called her place of employment, threatened legal action, gave the false impression that they were attorneys with a law firm, and threatened forcible recovery. *See id.*; Docket Item 15 at 2.

In her motion for default judgment, Centerbar claims that these unlawful debt collection activities caused her great emotional distress. Docket Item 12-1. Specifically, she claims that the call to her office made her fear that she would lose her job; that the threat of forcible recovery caused her to fear physical harm to her and her daughter; and that collectively this anxiety and stress aggravated her pre-existing Post Traumatic Stress Disorder ("PTSD"), a diagnosis stemming from her time as a combat veteran. *Id.* At the damages hearing, the plaintiff further explained the extent of the stress and trauma she experienced. Docket Item 26.

**II. FINDINGS FROM THE DAMAGES HEARING**

Based on the plaintiff's testimony at the hearing conducted on June 19, 2018, this Court makes the following findings of fact. The plaintiff, a single mother who is a veteran with PTSD, became anxious and paranoid when she received phone calls to her cell phone threatening forcible recovery of the debt that she owed. Docket Item 26 at 8-9. The collection behavior escalated from calls to Centerbar's cell phone, to calls to

2

her place of employment, a financial firm, disclosing to the office manager that Centerbar owed a debt. *Id.* at 7-8. That caused Centerbar to worry about her job and further exacerbated her PTSD.

What is more, the callers concealed their identity as debt collectors, instead insinuating that they were attorneys. *Id.* So Centerbar feared not just the manner by which the debt would be collected, but also that she might face legal consequences. *Id.* According to Centerbar, "at this point, the anxiety started to really kick in because it felt like [the debt collection calls] were never going to stop. Not only am I being threatened with lawsuits, but now I'm being . . . verbally harassed." *Id.* at 13. The calls took place four to five times and over a period of a few months. Although Centerbar claims that the stress from these calls aggravated her PTSD, she did not incur any out-of-pocket expenses—no additional security measures were installed; no additional counseling services were sought; and no additional medications were purchased. *Id.* at 21. That said, it is clear that Centerbar suffered significant emotional stress directly resulting from the debt collectors' actions.

> I had an ongoing panic attack for a few months . . . and I felt like a lost a sense of stability that I had been gaining . . . you know, maybe to some people it sounds ridiculous, it wasn't just the threats that bothered me, it just was the fear . . . my life could possibly be ruined.

*See id.* at 22.

## **DISCUSSION**

Under the FDCPA, a plaintiff may recover damages—including actual damages, statutory damages, attorney's fees, and the costs of litigation—for a debt collector's unlawful practices. 15 U.S.C. § 1692k(a). Actual damages may be awarded only for

3

actual injury.  *Clayson v Rubin & Rothman*, 2010 WL 547476 (Feb. 11, 2010, W.D.N.Y.).  And in a default judgment proceeding, such as this one, the court must have sufficient evidence and be reasonably certain of the amount it enters.  *Credit Lyonnais Securities v. Alcantara*, 183 F.3d 151, 154-55 (2d Cir. 1999).

**I.     ACTUAL DAMAGES**

In an FDCPA case, actual damages can be based on emotional distress resulting from the unlawful debt collection practice.  *Teng v. Metropolitan Retail Recovery, Inc.*, 851 F. Supp. 61, 68-69 (E.D.N.Y. 1994) ("[V]iolations of the FDCPA, by their very nature . . . are those kinds of actions which may be expected to cause emotional distress, and therefore, the availability of damages for such distress is of paramount importance.") (internal quotation and citation omitted).  To make out a claim based on emotional distress under the FDCPA, a plaintiff need not meet the heightened requirements necessary for a state tort claim of intentional infliction of emotional distress.  *See Donahue v. NFS, Inc.*, 781 F. Supp. 188, 193 (W.D.N.Y. 1991).

Centerbar presented credible testimony of emotional distress and therefore has a valid claim for actual damages.  But she has requested $50,000, which is excessive.  First, she incurred no out-of-pocket expenses.  Second, she sought no psychological, psychiatric, or medical treatment other than that associated with her pre-existing PTSD.  Third, there were only four or five calls that violated the FDCPA over only a few months.  Docket Item 26 at 14.

Nevertheless, the plaintiff suffered an emotional injury over a period of "three to four months."  Docket Item 26 at 25.  Her recovery from PTSD was set back, and she worried about her job, her daughter, and herself.  Taking the plaintiff's testimony into

4

account and in light of all the pleadings, this Court awards $20,000 as reasonable compensation for the actual damages that resulted from the defendant's unlawful debt collection calls.

## II.     ADDITIONAL ATTORNEYS' FEES

Under the FDCPA, the court also has the discretion to award reasonable attorneys' fees and litigation costs to successful litigants. 15 U.S.C. § 1692k(a)(3). On March 13, 2018, this Court awarded $5865 in fees and $695 in costs, Docket Item 15 at 6, and on June 25, 2018, the plaintiff's attorney filed an affirmation in support of additional fees and costs in connection with the damages hearing, Docket Item 27.

The plaintiff has requested additional litigation costs in the amount of $750.83 in connection with the damages hearing, based on the cost of traveling to Buffalo for the hearing. *Id.* That request for costs is reasonable and is granted.

The Court also has reviewed the request for additional attorney fees, but that review has not been so simple. In fact, the calculations seem to disadvantage counsel. For example, it appears that the law clerk may have worked an additional three hours and forty minutes, which, at $50 per hour, would amount to $183.33 in additional fees; but counsel requests only $116.50 for additional law clerk work. Likewise, the time sheets seem to show that plaintiff's attorney worked an additional 16.9 hours in connection with the hearing, which would amount to over $5,000 in additional fees; but counsel requests only $3,750 in additional attorneys' fees.

The Court does not want to shortchange counsel based on mathematical errors. Therefore, no later than July 20, 2018, plaintiff's counsel shall advise the Court whether the amounts requested in the affirmation filed on June 25, 2018, Docket Item 27, are

5

correct or whether a corrected request will be submitted. If a corrected request is submitted, the request shall (1) clearly separate attorney time from law clerk time and (2) include all time expended from the beginning of this case to its end, so that this Court may make a single and final award of attorneys' fees. Time expended in connection with preparing a corrected request shall *not* be recoverable.

## **CONCLUSION**

For the reasons stated above, the plaintiff, Alison Centerbar, is awarded $20,000 in actual damages, in addition to the $1,000 in statutory damages already awarded, for a total of $21,000 in damages. She also is awarded an additional $750.83, for a total of $1445.83, in costs. The Court reserves decision on attorneys' fees as noted above.

SO ORDERED.

Dated: July 9, 2018
Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE