UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALISON CENTERBAR,

Plaintiff,

v.

16-CV-896
DECISION & ORDER

ESSER JAMES & ASSOCIATES, LLC,
REBECCA STEWARD, JANA DOE A/K/A
"SUSAN MURPHY," AND JOHN DOE
A/K/A "JOHN CARTER,"

Defendants.

---

On November 5, 2016, the plaintiff, Alison Centerbar, filed a complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Docket Item 1. After the defendants failed to appear or otherwise defend the action, the Clerk of Court entered a default on February 16, 2017. Docket Item 10. This Court then entered default judgment on March 13, 2018, and, following a hearing on damages, awarded Centerbar $32,883.33: (1) $1,000 in statutory damages; (2) $20,000 in actual damages; (3) $9,400 in attorneys' fees; (4); $1,037.50 in law clerk fees; and (4) $1,445.83 in costs. Docket Items 15, 28, 31.

On September 30, 2019, Centerbar moved to compel defendant Rebecca Adamo (née Steward) to surrender certain personal property—namely, an engagement ring—in satisfaction of the judgment. Docket Item 33. On November 13, 2019, Adamo responded. Docket Item 39. And on November 17, 2019, Centerbar replied and amended her motion to compel. Docket Item 41. More specifically, Centerbar asked

this Court to order Adamo to surrender the personal property not to her counsel, as originally requested, but to the Sheriff of Erie County. *Id.*

"A money judgment is enforced by a writ of execution, unless the court directs otherwise." F.R.C.P. 69(a). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ." *Id.* Under New York law,

> [u]pon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which [s]he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff. Notice of the motion shall be served on the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested.

N.Y. C.P.L.R. § 5225(a). The sheriff then sells the property "at public auction at such time and place [and manner] . . . as in his judgment will bring the highest price." *Id.* § 5233(a). "After deduction for and payment of fees, expenses and [taxes], the proceeds of [the sale] shall be distributed to the judgment creditor and any excess shall be paid over to the judgment debtor." *Id.* § 5234(a).

Defendant Adamo is in possession of personal property—an engagement ring—subject to satisfaction of the money judgment in this case and therefore must surrender that property under section 5225(a). Under New York law, a money judgment may not be enforced against "a wedding ring." *See* N.Y. C.P.L.R. § 5205(a)(6). In *In re Tiberia*, the bankruptcy court extensively reviewed the historical custom of exchanging both an engagement and a wedding ring and concluded:

2

> A ring which meets the Webster Dictionary definition of a wedding ring, a ring that is given to an individual during and as a part of their wedding ceremony, will always be exempt as a wedding ring for purposes of . . . [s]ection 5205(a)(6). In addition, a ring, whether it was considered to be an [e]ngagement or [b]etrothal [r]ing when given before the wedding ceremony, but which is used during the wedding ceremony when no other ring is received, becomes the wedding ring, and will also be exempt for purposes of . . . [s]ection 5205(a)(6). An [e]ngagement [r]ing, given and received in contemplation of marriage, when a different ring is given and received during the marriage ceremony, remains an [e]ngagement [r]ing even after the marriage ceremony.

227 B.R. 26, 28-29 (Bankr. W.D.N.Y. 1998) (footnote omitted). Here, Adamo's husband testified at a deposition on June 19, 2019, that Adamo possesses an engagement ring received both before the couple's wedding and in addition to a wedding band exchanged at their wedding ceremony. *See* Docket Item 33-3 at 2-3. As in *In re Tiberia*, therefore, Adamo's "[e]ngagement [r]ing is not a wedding ring which is exempt under . . . [s]ection 5205(a)(6), and, therefore, it must be turned over" to satisfy the money judgment in this case. *See id.* at 29.

## ORDER

It is hereby ORDERED that the plaintiff's motion to compel, Docket Item 33, is GRANTED as amended. **Within thirty days of the date of this order**, the defendant, Rebecca Adamo (née Steward), shall **turn over to the Sheriff of Erie County** the personal property identified in paragraphs 17-19 of Mr. Adamo's deposition—that is, her **engagement ring**. *See* Docket Item 33-3 at 2. The Sheriff shall sell the specified personal property and provide the plaintiff with the proceeds of that sale under C.P.L.R. section 5233(a).

SO ORDERED.

Dated: December 26, 2019
Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE